UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL DICKSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-21-PPS-MGG |
| QUALITY MEDICAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael Dickson, a prisoner without a lawyer, filed this lawsuit alleging he was denied constitutionally adequate medical treatment at the Marshall County Jail. ECF 1. Dickson's complaint concerns the treatment he received for hernia and kidney issues beginning in September 2019. *Id.* "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Dickson lays out the course of events surrounding his medical issues. He alleges that he filled out a medical request form and was seen by Mary Loftus on September 5, 2019. *Id.* at ¶ 2. Then, from September 6-15, he says he continued to have ongoing complications urinating and having bowel movements, but his repeated

requests to see Loftus went unheeded. *Id.* at ¶ 4. On September 15, he filled out another medical request form and saw Loftus the next day. *Id.* at ¶ 5. She told him a doctor would see him the following day. *Id.*

According to the complaint, when Dickson saw the doctor on September 17, the doctor instructed Loftus to contact Dickson's surgeon for an appointment. ECF 1 at ¶ 6. But, Dickson says, it took Loftus two months to schedule the appointment, only doing so after he submitted another medical request form on November 15. *Id.* at ¶ 7.

Dickson alleges he was placed on stool softeners from November 16-22. ECF 1 at ¶ 8. A few days after the stool softeners were discontinued, he says he suffered from extreme constipation and kidney pain and was put in medical isolation at the jail from November 27-29. *Id.* While there, he claims he was vomiting and could not urinate or have bowel movements, but Loftus would not take him to the hospital. *Id.* He states that he was put back on stool softeners on November 29 and has since seen his surgeon and has undergone testing. *Id.* at ¶ 9.

Dickson was a pretrial detainee when the events occurred, and so his claims are analyzed under the Fourteenth Amendment's prohibition on conditions of confinement that amount to punishment. *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their

handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

The alleged facts show Dickson has plausibly alleged a claim for delay in receiving medical care. A delay in treatment may be objectively unreasonable "if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (analyzing a deliberate indifference claim under the Eighth Amendment). "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Id.* Furthermore, it is not enough to provide some medical care if "the treatment rendered [is] so blatantly inappropriate that it can support an inference of intentional mistreatment" or objective unreasonableness. *Cesal v. Moats*, 851 F.3d 714, 723 (7th Cir. 2017). Here, Dickson has plausibly alleged that his urinary and bowel difficulties were sufficiently serious that the delay in treating him could be objectively unreasonable.

Dickson also names Quality Medical as a defendant. The complaint, however, does not link Quality Medical to any of the alleged wrongdoing, except as the employer of the jail's medical staff. Section 1983 does not permit respondeat superior liability, which holds an employer liable for the actions of its employees without any wrongdoing on the part of the employer. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017). Therefore, Quality Medical will be dismissed.

3

Pursuant to 28 U.S.C. § 1915(d), the court is required to serve Mary Loftus because Dickson is proceeding in forma pauperis. Normally, the court would direct the clerk to request waiver of service. However, that has not been successful with Loftus and the United States Marshals Service is currently attempting to personally serve her in other cases. *See Glassman v. Hassell*, 3:19-cv-1160-DRL-MGG (N.D. Ind. filed Dec. 8, 2020); *Misener v. Quality Correctional Care*, 3:20-cv-335-JD-MGG (N.D. Ind. filed Dec. 8, 2020), *Wise v. Quality Correctional Care*, 3:20-cv-340-JD-MGG (N.D. Ind. filed Dec. 8, 2020); *Campbell v. Hassell*, 3:20-cv-852-JD-MGG (N.D. Ind. filed Dec. 8, 2020). Therefore, the Marshals Service will be directed to personally serve her in this case also.

For these reasons, the court:

(1) GRANTS Michael Dickson leave to proceed against Mary Loftus in her individual capacity for compensatory damages for the delay in providing medical care from September 5, 2019, to November 29, 2019, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Quality Medical;

(4) ORDERS Quality Correctional Care to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Mary Loftus, if necessary and if it has such information;

4

(5) DIRECTS the clerk to send the United States Marshals Service the necessary copies of this order, the complaint (ECF 1), summons, and USM-285 forms (with blank addresses) to serve Mary Loftus;

(6) DIRECTS the United States Marshals Service to **personally serve** Mary Loftus;

(7) DIRECTS the United States Marshals Service to file, by **March 11, 2021**, proof of service or a detailed report on what efforts were taken if service is unsuccessful; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mary Loftus to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  January 8, 2021.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT